UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 23-23978-CIV-MORENO**

FORD OF KENDALL, LLC d/b/a Ford of
Kendall,

               Plaintiff,

vs.

RAUDEL LEMUS,

               Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF WITH PREJUDICE

THIS CAUSE came before the Court upon Defendant's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint for Declaratory Relief with Prejudice **(D.E. 7)**, filed on **November 17, 2023**.

This declaratory judgment action involves an agreement for the June 27, 2020, lease of a 2020 Ford F-150 by Mr. Raudel Lemus from Ford of Kendall. Three years after leasing the vehicle, on June 27, 2023, Mr. Lemus returned to Ford of Kendall to exercise his purchase option under the lease. The Purchase Documents included a Pre-Suit Demand Requirement, which Mr. Lemus executed, and which provides that "[a]s a condition precedent to initiating any civil litigation, including arbitration, arising under the 06/27/2023 Purchase Agreement against dealer . . . Raudel Lemus Jr must give the Dealer a written demand letter at least 30 days before initiating the litigation." The Demand Letter must describe "the underlying facts of the claim, including a statement describing each item for which actual damages are claimed [and] . . . the amount of damages." The Pre-Suit Demand Requirement further provides that Defendant "may not initiate

civil litigation, including arbitration, against Dealer for a claim arising under . . . the transaction or event described in the Demand Letter if, within 30 days after receipt of the demand letter, Dealer pays Purchaser the amount sought in the Demand Letter [plus interest]."

On July 10, 2023, Mr. Lemus submitted a demand letter to Ford of Kendall. In his demand, Mr. Lemus alleged that Plaintiff violated the Consumer Leasing Act by charging a $898.00 Pre-Delivery Service Charge and a $199.95 Electronic Registration Filing Fee in the purchase of the vehicle. As a result, Ford of Kendall tendered $1,097.95 to Mr. Lemus representing both charges, as well as $109.80 representing the additional payment/surcharge provided by the Pre-Suit Demand Requirement.

Nonetheless, Mr. Lemus proceeded to initiate a cause of action against Ford of Kendall for violation of the Consumer Leasing Action, 15 U.S.C. § 1667 and its implementing regulations, 12 C.F.R. § 1013 through the American Arbitration Association. Ford of Kendall asserts that Mr. Lemus' action is irreconcilable with the written Pre-Suit Demand Requirement, but Mr. Lemus has suggested that the Pre-Suit Demand Requirement is not enforceable as against public policy. Conversely, Ford of Kendall points out that the essential nexus of Mr. Lemus' claim and alleged damages was the imposition of a Pre-Delivery Service Charge and Electronic Filing Fee. Ford of Kendall alleges that it made Mr. Lemus whole within less than forty-five days of the alleged improper act and contends that nothing could be more in line with public policy than expeditiously making a consumer whole without the need for wasting judicial resources or incurring unnecessary attorney's fees.

Thus, the dealership seeks a declaration that (1) the Pre-Suit Demand Requirement is an enforceable agreement, (2) that Ford of Kendall satisfied the Pre-Suit Demand Requirement by tendering the requisite payment to Mr. Lemus, thus making Mr. Lemus whole for the alleged

damages, and (3) that the parties' claims with respect to Mr. Lemus' allegations stemming from the Consumer Leasing Action are fully resolved and settled.

## Issue

Mr. Lemus accuses Ford of Kendall of seeking an advisory opinion from the Court on arguments it intends to make in an active arbitration involving a consumer. By doing so, he contends, Ford is attempting to circumvent the obligations it imposed on a consumer as part of a motor vehicle lease transaction and undercutting the parties' agreement to have an arbitrator resolve disputes between the parties. Mr. Lemus asserts that the Court should dismiss this action and compel the parties to adjudicate their disputes in arbitration. The agreement included a separate arbitration clause pursuant to a purchase order for the above-referenced vehicle. In Mr. Lemus' view, the fact that the arbitration is pending and that the parties are actively participating shows that Ford is attempting to ignore its own agreement.

The issues to address are (1) whether Ford of Kendall seeks an unconstitutional "advisory opinion" from the Court, (2) whether this declaratory judgment action can exist, considering the parties' pending arbitration, and (3) whether the Pre-Suit Demand Requirement is enforceable.

## Analysis

Prior to engaging in an analysis regarding whether the Pre-Suit Demand Requirement is enforceable, it is worth addressing whether Ford of Kendall's Declaratory Action is really asking for an unconstitutional "advisory opinion," as Mr. Lemus suggests. Here, Ford of Kendall is not asking the Court to "rubber-stamp" its argument; rather, it seeks the interim measure of preservation of the *status quo*. The Court has the authority to grant such relief, even if arbitration is pending, as it is in this case. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCullen*, No. 95-14329-CIV-PAIN, 1995 WL 799537, at *1 (S.D. Fla. Dec. 13, 1995) ("despite such an

agreement [to arbitrate], this court is not divested of equity jurisdiction and is empowered to consider requests for injunctive relief in order to preserve the status quo"); *H2O To Go, L.L.C. v. Martinez*, No. 05-21353-CIV-LENARD, 2005 WL 2065220, at *3 (S.D. Fla. Aug. 22, 2005) ("In cases where the parties have agreed to arbitrate their dispute, a district court has the authority to issue a preliminary injunction only for the purpose of preserving the *status quo* pending arbitration.").

In *Am. Exp. Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 939-41 (11th Cir. 1997), the Eleventh Circuit held that a district court, after granting a stay under 9 U.S.C.A. § 3, erred in refusing to grant injunctive relief where the parties intended for a court of competent jurisdiction to grant injunctive relief pending the arbitration. The court recognized that "the plain terms" of a contract can give the district court authority to grant interim relief, regardless of whether the parties decide to go to arbitration. *Id.* Additionally, Rule 37 of the American Arbitration Association's Commercial Arbitration Rules provides that a "request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate." In this case, the arbitration provision of the underlying Motor Vehicle Lease Agreement does not preclude interim judicial relief.

Further, the mere fact that Ford of Kendall has filed a Complaint for Declaratory Judgment does not mean that it is seeking an "advisory opinion" from the Court. In fact, the Declaratory Judgment act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). Although "[t]here was a time when [the Supreme Court] harbored doubts about the compatibility of declaratory-judgment

actions with Article III's case-or-controversy requirement," such a concern no longer exists. *Id.* (citing *Nashville, C. & St. L.R. Co. v. Wallace*, 288 U.S. 249 (1933) (holding that an appropriate action for declaratory relief *can* be a case or controversy under Article III)). In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941), the Supreme Court asserted that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Here, the Court need not reach the merits of Ford of Kendall's Complaint for Declaratory Judgment to acknowledge that a substantial controversy exists between the parties regarding the enforceability of the Pre-Suit Demand Requirement.

Thus, having established that this Court *may* grant interim relief if it so chooses and that Ford of Kendall is not seeking an "advisory" opinion, the Court can next decide whether the Pre-Suit Demand Requirement at issue is enforceable. Although it is not necessary to fully decide this issue at the Motion to Dismiss stage, it is instructive in determining whether to compel Ford of Kendall to arbitrate. The reason is that if the Pre-Suit Demand Requirement *is* enforceable, then Ford of Kendall cannot be compelled to arbitrate—as explained below. If, however, the Pre-Suit Demand Requirement is *not* enforceable, then it is more likely that Ford of Kendall can be compelled to arbitrate. The Court reaches the conclusion that the Pre-Suit Demand Requirement is indeed enforceable.

For one, Mr. Lemus does not seek to argue against the merits of the enforceability of the Pre-Suit Demand Requirement itself; rather, he leans on the currently pending arbitration and the so-called "advisory" nature of the case to suggest that the Federal Arbitration Act should be the controlling source of law in this case. However, as an explicit "condition precedent" to initiating

"*any* civil litigation, including arbitration," the Pre-Suit Demand Requirement controls (emphasis added). Per the agreement, Mr. Lemus was required to submit a written demand letter to Ford of Kendall at least 30 days before initiating arbitration. As the Requirement stipulates, if, within 30 days after receipt of the demand letter, Dealer pays Purchaser the amount sought in the Demand Letter, plus a surcharge of 10 percent of the damages claimed, Purchaser *may not* initiate arbitration. Here, Mr. Lemus submitted his written demand letter on July 10, 2023. Ford of Kendall responded on August 2, 2023, and paid the amount sought in the Demand Letter, plus the surcharge of 10 percent of the damages claimed. Therefore, Mr. Lemus was barred from initiating arbitration. That he has already initiated arbitration in contravention of the Pre-Suit Demand Requirement does not change the fact that he should have never done so.

Mr. Lemus further argues that Ford of Kendall did not make him "whole" and did not pay him the full amount sought in the Demand Letter. However, the Pre-Suit Demand Requirement is clear that the Demand Letter *must* "[s]tate the amount of damages, or, if not available the claimant's best estimate of the damages." The only amounts specifically noted in the Demand Letter totaled $1,097.95, ($898.00 "Predelivery Service Charge" + $199.95 "Electronic Registration Filing Fee") which Ford of Kendall promptly tendered within thirty days to Mr. Lemus, in addition to $109.80 to satisfy the requisite surcharge. If Mr. Lemus needed more damages to make him "whole," he should have suggested as much in the Demand Letter. Unfortunately, he did not. Ford of Kendall met its requirement, and Mr. Lemus was barred from initiating arbitration.

Therefore, the Pre-Suit Demand Requirement is enforceable, and the Motion to Dismiss the Complaint should be denied. Although the Court need not declare at this stage that Mr. Lemus

should have been barred from initiating arbitration, at the very least the Court cannot *compel* arbitration based on the underlying facts and resulting Pre-Suit Demand Requirement.

<u>**Conclusion**</u>

It is **ADJUDGED** that the motion is DENIED. The Pre-Suit Demand requirement stipulated that "[a]s a condition precedent to initiating any civil litigation, including arbitration, arising under the Purchase Agreement, . . . [Mr. Lemus] must give [Ford of Kendall] a written demand letter at least 30 days before initiating the litigation." Mr. Lemus complied with this requirement in submitting the demand letter on July 10, 2023. Next, Mr. Lemus was not permitted to "initiate . . . arbitration, against [Ford] for a claim arising under, related to, or in connection with, the transaction or event described in the Demand Letter if, within 30 days after receipt of the demand letter, [Ford paid Mr. Lemus] the amount sought in the Demand Letter." In this instance, Ford paid Mr. Lemus the amount sought in the Demand Letter on August 2, 2023, within 30 days after receipt of the Demand Letter. Therefore, under the Purchase Agreement, this case should not be in arbitration. Ford of Kendall should not be compelled to arbitrate, and its Complaint for Declaratory Judgment should not be dismissed.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd of January 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record