# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 07, 2024

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY  JG  D.C.

Nov 7, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 24-10831-FF
Case Style: Ford of Kendall, LLC v. Raudel Lemus, Jr.
District Court Docket No: 1:23-cv-23978-FAM

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10831

_____

FORD OF KENDALL, LLC,

                        Plaintiff-Appellee,

*versus*

RAUDEL LEMUS, JR.,

                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-23978-FAM

_____

JUDGMENT

2                                                                                          24-10831

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: October 9, 2024

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10831

Non-Argument Calendar

_____

FORD OF KENDALL, LLC,

                    Plaintiff-Appellee,

*versus*

RAUDEL LEMUS, JR.,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-23978-FAM

_____

Case 1:23-cv-23978-FAM   Document 36   Entered on FLSD Docket 11/07/2024   Page 5 of 16
USCA11 Case: 24-10831   Document: 39-1   Date Filed: 10/09/2024   Page: 2 of 11

2                    Opinion of the Court                    24-10831

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Raudel Lemus, Jr. appeals the district court's denial of his motion to compel arbitration in an action for declaratory relief brought against him by Ford of Kendall, LLC ("Ford"). The parties disagree about whether a delegation clause in the parties' contract -- under which the parties agreed to delegate to an arbitrator any question about the arbitrability of a dispute relating to the contract -- is enforceable as applied to a dispute about the applicability of a no-action clause in the contract. After careful review, we conclude that the delegation clause is enforceable, and the district court erred in not compelling arbitration. We reverse and remand with instructions to compel arbitration.

I.

In June 2020, Lemus leased a 2020 Ford F-150 from Ford. The Lease Agreement's mandatory arbitration provision states that either party "may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration," and that the "contract is subject to the Federal Arbitration Act [("FAA")] (9 U.S.C. § 1 *et seq.*)." The Lease Agreement also contains a delegation clause, which sends to an arbitrator any "Claims regarding the interpretation, scope, or validity of [the arbitration] provision, or arbitrability of any issue except for class certification."

There was a purchase option in the Lease Agreement that allowed Lemus to purchase the vehicle, at the end of his lease term,

24-10831               Opinion of the Court                    3

for "$45,039.00 plus official fees and taxes, and a reasonable documentary fee if allowed by law." Lemus executed this purchase option in June 2023, by signing a Purchase Agreement. Among the documents that Lemus executed as a part of the Purchase Agreement is another arbitration provision, which says that:

> "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (including *the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute*), between [Lemus] and [Ford], which arises out of or relates to [Lemus's] credit application, purchase or condition of this Vehicle, this Agreement or any resulting transaction or relationship . . . shall, at [either party's] election, be resolved by neutral, binding arbitration and not by a court action."

(Emphasis added). Notably, the italicized language sets forth a delegation clause similar to the one in the Lease Agreement, specifying that an arbitrator will decide claims or disputes about "the interpretation and scope of this Arbitration Provision, and the arbitrability of [any other] claim or dispute [covered by the provision]."

The Purchase Agreement also contains a Pre-Suit Demand Requirement, providing that Lemus must give Ford a written demand letter 30 days before initiating any civil litigation, including arbitration, arising under the Purchase Agreement. If Ford settles the claim in full -- along with a surcharge of the lesser of $250 or 10% of the damages claimed -- then Lemus is barred from initiating "civil litigation, including arbitration, against [Ford] for a claim arising under, related to, or in connection with, the transaction or

Case 1:23-cv-23978-FAM   Document 36   Entered on FLSD Docket 11/07/2024   Page 7 of 16
USCA11 Case: 24-10831   Document: 39-1   Date Filed: 10/09/2024   Page: 4 of 11

4                          Opinion of the Court                    24-10831

event described in the Demand Letter." This is the "no-action clause."

Before Lemus executed the Purchase Agreement, he noticed two fees that had not been disclosed in the Lease Agreement's purchase option: a $898.00 "Predelivery Service Charge" and a $199.95 "Electronic Registration Filing Fee." Lemus asked Ford to remove the fees, but Ford refused.

In July 2023, Lemus, through counsel, filed a demand for arbitration with the American Arbitration Association, arguing that these fees violated his rights under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667 *et seq*. He said that, in addition to actual damages of $1,097.95 (the total of both fees), he was entitled to statutory damages of "25 per centum of the total amount of monthly payments under the lease, capped at a maximum of $2,000, plus the payment of his attorneys' fees and costs." In the form accompanying his request to initiate arbitration, Lemus wrote that he sought a total of $3,097.95 in damages, plus attorney fees and interest.

The same day Lemus initiated arbitration, he sent Ford a letter "to open a dialogue with Ford of Kendall regarding [Lemus's] claim and the widespread nature of Ford of Kendall's exposure in the hope of reaching a class-wide resolution." The letter explained that Ford had violated the CLA by imposing undisclosed fees of $898.00 and $199.95 and that, "[a]s a result of these violations, and pursuant to 15 U.S.C. § 1640(a)(2)(A)(ii), Mr. Lemus is entitled to 25 per centum of the total amount of monthly payments under the

Case 1:23-cv-23978-FAM   Document 36   Entered on FLSD Docket 11/07/2024   Page 8 of 16
USCA11 Case: 24-10831   Document: 39-1   Date Filed: 10/09/2024   Page: 5 of 11

24-10831               Opinion of the Court                5

lease, capped at a maximum of $2,000, and actual damages, plus the payment of his attorneys' fees and costs."

Ford sent Lemus a check for $1,097.95 and a check for $109.80, the 10% "surcharge" described in the Pre-Suit Demand Requirement. Lemus rejected this tender: he claimed that the Pre-Suit Demand Requirement was not enforceable because it conflicted with the CLA and, in any event, that Ford had failed to make him whole because it had not offered him the statutory damages and attorneys' fees he had demanded.

Ford filed a complaint in the United States District Court for the Southern District of Florida against Lemus, seeking a declaratory judgment declaring that:

> 1) the Pre-Suit Demand Requirement is an enforceable agreement; 2) that Ford of Kendall satisfied the Pre-Suit Demand Requirement by tendering the requisite payment to Defendant, thus making Defendant whole for the alleged damages; and 3) that the parties' claims with respect to Defendant's allegations stemming from the CLA are fully resolved and settled.

Lemus, in response, moved to compel arbitration and to dismiss the complaint with prejudice. Lemus argued that arbitration clauses in the Lease Agreement and Purchase Agreement mandate that any disputes about the contracts be arbitrated once Lemus chose to arbitrate -- *and* that any dispute about a particular claim's arbitrability must go to arbitration under the delegation clauses.

Case 1:23-cv-23978-FAM   Document 36   Entered on FLSD Docket 11/07/2024   Page 9 of 16
USCA11 Case: 24-10831   Document: 39-1   Date Filed: 10/09/2024   Page: 6 of 11

6                        Opinion of the Court                       24-10831

The district court denied Lemus's motion. The court reasoned that it could entertain Ford's request for a declaratory judgment, even if the parties had agreed to arbitrate, because Ford was seeking interim relief to preserve the status quo. The court then found that the Pre-Suit Demand Requirement, as "an explicit 'condition precedent' to initiating '*any* civil litigation, including arbitration,'" controls over the FAA. The court further held that, by paying Lemus $1,097.95 (plus the $109.80 surcharge), Ford had made Lemus whole and satisfied the Pre-Suit Demand Requirement. The court said that while it "need not declare at this stage that Mr. Lemus should have been barred from initiating arbitration, . . . Mr. Lemus was barred from initiating arbitration" since, "under the Purchase Agreement, this case should not be in arbitration."

Lemus timely appealed.

## II.

We review *de novo* the district court's denial of a motion to compel arbitration. *Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1293 (11th Cir. 2022).

Lemus argues that the district court erred in refusing to compel arbitration pursuant to the delegation clause,[1] or, in the alternative, it plainly erred in finding that Ford had fully settled his

---

[1] At times it's unclear whether the parties are using the delegation clause in the Lease Agreement or the one in the Purchase Agreement, but it does not matter. As we've noted, both contracts contain similar delegation clauses, and both compel arbitration of the arbitrability of the parties' underlying dispute.

demand. "Under the FAA, upon motion of a party, district courts must compel arbitration of all claims subject to arbitration." *Am. Exp. Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218–19 (1985)). "The FAA places arbitration agreements on equal footing with all other contracts and sets forth a clear presumption -- 'a national policy' -- in favor of arbitration." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). Of course, parties are required to arbitrate only if they agreed to do so. *See Am. Exp. Fin. Advisors*, 122 F.3d at 940. Thus, "'the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate' it." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1213 n.9 (11th Cir. 2011) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

"The classic arbitration agreement is an agreement to arbitrate any claims arising from a contract between two parties" -- that is, an agreement to arbitrate the merits of the parties' claims. *Attix*, 35 F.4th at 1294–95. But "[s]ometimes, parties agree not only to arbitrate the merits of any claims that arise from their contract, but also to arbitrate any threshold or gateway questions about the arbitrability of those claims, such as questions about the enforceability, scope, [or] applicability of the parties' agreement to arbitrate their claims." *Id.* at 1295 (quotations omitted). This "is often called a 'delegation' agreement, because it delegates the resolution of disputes about the arbitrability of the parties' claims to an arbitrator." *Id.* (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010)).

Case 1:23-cv-23978-FAM Document 36 Entered on FLSD Docket 11/07/2024 Page 11 of 16
USCA11 Case: 24-10831 Document: 39-1 Date Filed: 10/09/2024 Page: 8 of 11

8                    Opinion of the Court                    24-10831

So, "where an arbitration agreement contains a delegation provision -- committing to the arbitrator the threshold determination of whether the agreement to arbitrate is enforceable -- the courts only retain jurisdiction to review a challenge to that specific provision." *Parnell*, 804 F.3d at 1144. And we review a challenge to the validity or enforceability of a delegation clause only if a party directly or specifically challenges it -- that is to say, only if "the substantive nature of the party's challenge meaningfully goes to the parties' precise agreement to delegate threshold arbitrability issues." *Attix*, 35 F.4th at 1303–04. Here, Ford directly challenges the delegation clause, arguing that the delegation provision cannot apply to questions about "compliance with the Pre-Suit Demand Requirement because the very point of the Requirement is to avoid arbitration (or litigation) in the event of compliance" and "exalt[ing]" the delegation provision over the Pre-Suit Demand Requirement would "undermine the latter in favor of the former."

Ford is mistaken about this perceived conflict between the two clauses. The no-action clause bars Lemus from bringing suit *only if* its conditions are met -- "in the event of compliance," as Ford puts it. But someone must resolve the parties' dispute over whether Ford complied with the clause before Ford can invoke its protections. *See Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*, 677 F.3d 1286, 1288, 1293–98 (11th Cir. 2012) (deciding whether defendants could invoke a no-action clause as a predicate to enforcing the clause); *Twin City Fire v. Ohio Cas. Ins. Co.*, 480 F.3d 1254, 1258–61 (11th Cir. 2007) (concluding that defendants could

Case 1:23-cv-23978-FAM Document 36 Entered on FLSD Docket 11/07/2024 Page 12 of 16
USCA11 Case: 24-10831 Document: 39-1 Date Filed: 10/09/2024 Page: 9 of 11

24-10831                Opinion of the Court                9

not invoke a no-action clause, and allowing the suit to proceed). This is where the delegation clause comes in.

The delegation clause at issue specifies that an arbitrator will decide who resolves the parties' dispute over the no-action clause because the no-action clause is a part of the Purchase Agreement, and the delegation clause sends to arbitration any dispute that "arises out of or relates to . . . [the Purchase] Agreement." The delegation clause therefore does not "undermine" the no-action clause; in fact, the arbitrability of the no-action clause was a dispute the parties "agreed to arbitrate." *Doe*, 657 F.3d at 1213 n.9 (quotations omitted). Thus, under the parties' agreement, the district court should have enforced the delegation clause by sending the case to arbitration. *See Dean Witter Reynolds*, 470 U.S. at 221 (instructing courts to "rigorously enforce agreements to arbitrate").

As for Ford's other arguments, we are unconvinced. Ford says that Lemus waived his argument that the arbitrability of the no-action clause should be arbitrated by "asking the district court to determine arbitrability in the first instance." This is flatly refuted by the record: Lemus's motion to compel arbitration *first* argued that the delegation clause compels the district court to send the threshold question of whether the parties have a valid arbitration agreement to arbitration. Lemus *then* argued, in the alternative, that "[e]ven if the Court does not enforce the delegation clause -- and it inarguably must -- the Court should nonetheless compel arbitration" because the arbitration provision is valid and covers Ford's claims. "[F]orfeiture is the failure to make the timely

10                           Opinion of the Court                    24-10831

assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (en banc) (quotations omitted). A party does not waive or forfeit an argument he's adequately argued by making another argument in the alternative. *See Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 328 (2010) ("[A]ny party . . . can make arguments in the alternative."); *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 364 n.10 (2005) (Souter J., dissenting) ("Parties making alternative arguments do not forfeit either one.").

Ford argues, in the alternative, that by denying the motion to compel arbitration, the court was granting interim relief to preserve the status quo, which, it says, a court should be able to grant notwithstanding an arbitration agreement. But Ford's suit for declaratory judgment was not a suit for interim relief to preserve the status quo. Interim relief is, by its nature, temporary. *See Interim Relief*, Black's Law Dictionary (12th ed. 2024) ("Relief that is granted on a preliminary basis before an order finally disposing of a request for relief."). A declaratory judgment is not temporary: "[a] declaration under [the Declaratory Judgment Act] has 'the force and effect of a final judgment.'" *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010) (quoting 28 U.S.C. § 2201). Ford does not seek temporary relief: it wants to *never* arbitrate Lemus's claims. Nor does Ford request relief to preserve the status quo. Indeed, under Ford's interpretation, a party resisting arbitration could *always* avoid an arbitration agreement by asking a court to "preserve the status quo." That would violate both the parties' contract and the FAA. *See Am. Exp. Fin. Advisors*, 122 F.3d

24-10831                Opinion of the Court                11

at 940 ("Under the FAA, upon motion of a party, district courts *must* compel arbitration of all claims subject to arbitration." (emphasis added)).

Finally, we decline Ford's invitation to remand the interpretation of the delegation clause to the district court to decide in the first instance. The question of whether to compel arbitration is a legal one that we review *de novo*, *see Attix*, 35 F.4th at 1293, so we can decide it ourselves; no remand is necessary. *See Spaziano v. Singletary*, 36 F.3d 1028, 1041 (11th Cir. 1994) ("No remand will be necessary, because the . . . issue is purely one of law and we would review the district court's decision of it *de novo* anyway."); *United States v. Al-Arian*, 514 F.3d 1184, 1190 n.2 (11th Cir. 2008) ("Since we do not need to resolve any such factual issues, a limited remand is not needed."). Moreover, since we conclude that the district court was bound to compel arbitration on the question of the arbitrability of the no-action clause, we do not address Lemus's alternative arguments about whether the no-action clause is enforceable or whether Ford met its terms. Those are questions that can be considered only after the arbitrator has decided their arbitrability.

Accordingly, we reverse the denial of the motion to compel arbitration and remand with instructions to compel arbitration.

**REVERSED AND REMANDED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 09, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-10831-DD
Case Style: Ford of Kendall, LLC v. Raudel Lemus, Jr.
District Court Docket No: 1:23-cv-23978-FAM

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellee(s) / Respondent(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion