UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-23978

FORD OF KENDALL, LLC

        Plaintiff,

vs.

RAUDEL LEMUS, JR.

        Defendant.
_____/

## PLAINTIFF'S AMENDED MOTION FOR CLARIFICIATION OF THE COURT'S ORDER COMPELLING ARBITRATION DATED DECEMBER 4, 2024

Plaintiff, FORD OF KENDALL, LLC (hereinafter "Ford of Kendall" or "Plaintiff"), by and through undersigned counsel, hereby files its Amended Motion for Clarification ("Motion for Clarification") of the Court's Order Compelling Arbitration dated December 4, 2024 [D.E. 37] and in support thereof states as follows:

1. On July 10, 2023, Defendant initiated an arbitration[1] with the American Arbitration Association ("AAA") against Plaintiff Ford of Kendall and non-party Ford Motor Credit Company ("Ford Motor Credit") for violation of the Consumer Leasing Act 15 U.S.C. § 1667 ("CLA"). Arbitrator William E. Gottfried was assigned the arbitration.

2. On October 18, 2023, Ford of Kendall filed its Complaint for Declaratory Judgment ("Declaratory Action") against Defendant Raudel Lemus ("Lemus" or "Defendant") with this Court. *See Complaint*. [D.E. 1].

---

[1] AAA Case No. 01-23-0003-0561

3. Ford of Kendall sought a declaratory judgment that the Pre-Suit Demand Requirement, also referred to by the Eleventh Circuit Court of Appeals as the "no- action clause" is (1) an enforceable agreement, (2) that Ford of Kendall satisfied the no-action clause of the Pre-Suit Demand Requirements by tendering the requisite payment to Defendant and thus making the Defendant whole for the alleged damages, and (3) that the parties claim's with respect to the Defendant's allegations stemming from the CLA have been fully resolved and settled. *See Id.*, ¶5.

4. On November 17, 2023, Defendant sought to compel arbitration back to the AAA and dismiss Plaintiff's Declaratory Action. *See Defendant's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint for Declaratory Relief with Prejudice* ("Motion to Compel"). [D.E. 7].

5. On January 23, 2024, this Court entered its Order denying Defendant's Motion to Compel ("Order Denying Motion To Compel"), finding that "Ford paid Mr. Lemus the amount sought in the Demand Letter…[t]herefore, under the Purchase Agreement, this case should not be in arbitration." *See Order Denying Motion to Compel*. [D.E. 18].

6. On March 8, 2024, non-party Ford Motor Credit filed its Motion to Dismiss with the AAA based on this Court's January 23, 2024 Order Denying Motion to Compel.

7. On March 18, 2024, Defendant Lemus filed its Notice of Interlocutory Appeal of the Order Denying Motion to Compel. [D.E. 26].

8. On April 26, 2024, Arbitrator Gottfried issued his Order Granting Respondent, Ford Motor Credit Company's Motion to Dismiss ("Order Granting Motion to Dismiss"), finding that Ford Motor Credit satisfied the four-prong conditions for collateral estoppel based on this Court's January 23, 2024 Order Denying Motion to Compel.

9. On October 9, 2024, the Eleventh Circuit Court of Appeal issued its Opinion, finding that "…the district court was bound to compel arbitration on the question of the arbitrability of the no-action clause…". *See Mandate of USCA*. [D.E. 36]. Specifically, "[t]hose are questions that can be considered only after the arbitrator has decided their arbitrability." *Id*.

10. Accordingly, the Eleventh Circuit reversed the denial of the Motion to Compel and remanded with instructions to compel arbitration of the question of the arbitrability of the no-action clause. *Id.*

11. Thereafter, this Court issued its Order Compelling Arbitration on December 4, 2024. [D.E. 37]. ("Accordingly, it is adjudged that the Court compels arbitration in this case consistent with the Eleventh Circuit's mandate.").

12. However, rather than re-open the AAA case pursuant to the remand instructions provided by this Court for the limited purpose of having the arbitrator decide the question of the arbitrability of the no-action clause, Defendant Lemus filed a new arbitration demand with the AAA on December 5, 2024 seeking to start another arbitration of the entire core action of allegations stemming from the CLA.[2] Notably, the Defendant has significantly amended the allegations in the new arbitration demand based upon the Appellate Court's Opinion in an attempt to circumvent the shortcomings of their previous allegations and have a new, presumably more favorable, arbitrator assigned to the arbitration. In short, Defendant Lemus is attempting a second bite at the apple with a different arbitrator in an effort to "neutral-shop" a more favorable outcome.

13. In response, Plaintiff and non-party Ford Motor Credit attempted to have the AAA re-open the prior AAA case that was initiated and pending at the time of appeal, but was advised by the AAA that "…absent a mutual agreement between parties to reopen the previous case <u>or a</u>

---

[2] AAA Case No. 01-24-0009-0099

court order remanding back to the previously closed case, the AAA will proceed with the arbitration for Case No. 01-24-0009-0099." (emphasis added). *See AAA Email* dated February 24, 2025, attached as **Exhibit "A".**

14. Therefore, Plaintiff respectfully requests clarification of this Court's Order Compelling Arbitration that the case be remanded back to the original arbitration case filed with the AAA that was initiated and pending at the time of Defendant's appeal to determine, as the Eleventh Circuit directed, the question of the arbitrability of the no-action clause of the Pre-Suit Demand Letter.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court clarify its December 4, 2024 Order Compelling Arbitration to state that the Declaratory Action filed by Plaintiff is remanded back to the original arbitration case, No. 01-23-0003-0561, to determine the arbitrability of the no-action clause of the Pre-Suit Demand Letter, and such other relief as this Court deems just and proper.

DATED March 14, 2025.

Respectfully Submitted,

**JENKINS LORENZO, LLC**
*Counsel for Plaintiff Ford of Kendall*
6501 Congress Avenue, Suite 100
Boca Raton, Florida 33487
Tel: (305) 456-1450

By: */s/ Chase E. Jenkins, Esq.*
  Chase E. Jenkins, Esq.
  Florida Bar No. 94261
  cjenkins@jenkinslorenzo.com
  Jorge "J.D." Lorenzo, Esq.
  Florida Bar No. 81702
  jlorenzo@jenkinslorenzo.com

4

JENKINS LORENZO | 6501 Congress Avenue, Suite 100, Boca Raton, Florida 33487 | (305) 456-1450